# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| COURTNEY YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:20-cv-02720-CMC-PJG ) ) |
| CSL PLASMA, INC., | ) State Court Civil Action #2020-CP-40-02871 ) |
| Defendant. | ) ) ) |

## **NOTICE OF REMOVAL**

Defendant CSL Plasma, Inc. ("Defendant"), by and through its undersigned counsel, hereby removes this action from the Court of Common Pleas for Richland County, South Carolina to the United States District Court for the District of South Carolina, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, *et seq.* based on the following grounds.

## BACKGROUND

1. On June 23, 2020, Plaintiff Courtney Young filed a Complaint against Defendant in the Court of Common Pleas for Richland County, South Carolina, Civil Action No. 2020-CP-40-02871 (the "State Court Action").

2. Defendant has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

3. Attached as Exhibit 1 are true and correct copies of the Summons and Complaint. These documents constitute all the process, pleadings, and orders filed in the State Court Action to date.

## TIMELINESS OF REMOVAL

4. The Defendant was served with the Complaint on June 25, 2020. *See* Service of Process Transmittal, attached as Exhibit 2.

5. The removal of this action is timely because it was accomplished within 30 days of the date on which Plaintiff served the Defendant with a copy of the Complaint. 28 U.S.C. § 1446(b).

## JURISDICTIONAL BASIS FOR REMOVAL

### Federal Question and Supplemental Jurisdiction

6. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

7. Plaintiff's Complaint seeks to allege multiple causes of action arising out of her employment with Defendant, including a cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.*, and common law causes of action for defamation and loss of consortium.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint involves and is predicated upon a federal question, Plaintiff's claims under the ADA.

9. In addition, where a Complaint alleges causes of action under both federal and state law, district courts have supplemental jurisdiction over the state law claims where the state law claims are so related to the federal law claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. Federal and state law claims form a part of the same case or

controversy when they arise out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

10. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state common law claims because they arise out of the same set of facts as Plaintiff's federal law claims, specifically, the alleged factual circumstances surrounding Plaintiff's alleged disability, her alleged request for accommodation, and her separation from employment.

11. Plaintiff's state law claims do not raise novel or complex issues of state law or substantially predominate over her federal claims. *See* 28 U.S.C. § 1367(c).

12. Accordingly, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

13. Under 28 U.S.C. § 1441(a), the United States District Court for the District of South Carolina is the proper venue for removal jurisdiction because it embraces the place where this action is pending.

## MISCELLANEOUS ISSUES

14. Written notice of the filing of this Notice of Removal is being forwarded to Plaintiff's counsel as well as to the Clerk of the Court for Richland County, South Carolina, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing (without exhibits) is attached as Exhibit 3.

15. By filing this Notice of Removal, Defendant does not waive any defense that may be available to it and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

**WHEREFORE**, Defendant hereby removes the above-captioned action now pending in the Court of Common Pleas for Richland County, South Carolina to the United States District Court for the District of South Carolina and requests that this Court assume full jurisdiction over this action as provided for by law.

July 24, 2020

Respectfully submitted,

s/Lyndey R. Z. Bryant
Lyndey R. Z. Bryant (Fed ID No. 11506)
Kirby D. Shealy III (Fed ID No. 6880)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone: 803-212-4190
Facsimile: 803-343-1245
lyndey.bryant@arlaw.com
kirby.shealy@arlaw.com

*David S. Fryman
*Catharine E. Lubin
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215-864-8905
Facsimile: 215-864-8999
frymand@ballardspahr.com
lubink@ballardspahr.com

*Motion for admission *pro hac vice* forthcoming

*Attorneys for Defendant CSL Plasma, Inc.*

## CERTIFICATE OF SERVICE

I, Lyndey Bryant, hereby certify that on this date, I caused a true and correct copy of the foregoing Notice of Removal to be served on counsel for Plaintiff via electronic mail and via First Class Mail, postage prepaid, addressed as follows:

Shannon Polvi
Cromer Babb Porter & Hicks, LLC
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211
shannon@cbphlaw.com

July 24, 2020

s/Lyndey R. Z. Bryant
Lyndey R. Z. Bryant (Fed ID No. 11506)
Kirby D. Shealy III (Fed ID No. 6880)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone: 803-212-4190
Facsimile: 803-343-1245
lyndey.bryant@arlaw.com
kirby.shealy@arlaw.com

*Attorneys for Defendant CSL Plasma, Inc.*