IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Courtney Young, | ) | C/A No. 3:20-2720-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CSL Plasma, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Courtney Young, filed this employment case raising disability discrimination and retaliation claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., as well as state law claims for defamation and loss of consortium, against her former employer, CSL Plasma, Inc. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendant's motion to consolidate this matter with Civil Action No. 3:21-1208-SAL, a tort action brought against CSL Plasma by the plaintiff's husband. (ECF No. 20.) The motion has been fully briefed and is ready for resolution. (ECF Nos. 20-1, 21, & 24.)

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when separate actions involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). Whether to consolidate separate actions is within the discretion of the trial court. See Campbell v. Boston Scientific Corp., 882 F.3d 70, 74 (4th Cir. 2018). In the Fourth Circuit, courts apply the factors set forth in Arnold v. Eastern Air Lines, Inc., 681 F.2d 186 (4th Cir. 1982), to determine whether actions should be consolidated. Those factors include (1) the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, (3) the length of time required to conclude multiple suits as against a single one,

and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.  Id. at 193.

Applying those factors, the court denies the defendant's motion to consolidate.  Although the lawsuits may have some common factual issues, one is essentially an employment discrimination case and one is a state law tort case.  They involve separate types of injuries to two separate plaintiffs.  More significantly, the instant case has been pending for some time, discovery has been completed, and a motion for summary judgment is pending.  Further, the potential for jury confusion and prejudice weigh against consolidation, whereas principles of collateral estoppel will likely mitigate the risk of inconsistent adjudications.  Finally, the instant matter is referred to a magistrate judge for pre-trial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), whereas Mr. Young's case is not.  Consolidating the two cases would necessitate an additional Report and Recommendation and round of objections thereto in Mr. Young's case that would not otherwise be required, resulting in additional expenditure of judicial resources and expense for the parties.

Further, the court, through Rule 42(a)(3), may address the defendant's concern regarding duplication of discovery by ordering that pertinent discovery materials from Mrs. Young's case may be used in Mr. Young's case.

It is therefore

**ORDERED** that the defendant's motion to consolidate is denied.  It is further

**ORDERED** that discovery materials from the instant case may be utilized in C/A No. 3:21-1208-SAL to the extent they are pertinent and reduce delay and expense for the parties.

**IT IS SO ORDERED.**

June 28, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE